DECISION AND JUDGMENT ENTRY
This is an appeal from a June 1, 2000 judgment entry of the Lucas County Court of Common Pleas in which the court granted a directed verdict to appellant, Taco Bell Corporation, on one claim brought by appellee, Kelly Freeman, for the right to participate in workers' compensation, and accepted and entered a jury verdict in favor of appellee on a second claim brought by appellee for the right to participate in workers' compensation. Appellant has presented two assignments of error for consideration on appeal that are:
 "I. The trial court erred in failing to instruct the jury that it must find that plaintiff/appellee's alleged increased debilitation was accelerated by a substantial period of time as a direct result of her industrial injury in order to allow participation.
 "II. The trial court erred in producing one written jury instruction to the jury rather than producing the written jury instructions in their entirety.
The record shows that appellee injured her back on June 3, 1993 while working for appellant. Appellee was the manager of a restaurant owned by appellant, and as part of her duties, she was putting away a shipment of food that was delivered that day. She lifted a forty pound container of meat to put it away in the freezer, heard a loud pop and felt a stabbing pain in her lower back and right leg. She sought treatment at an emergency room of a hospital later that day.
Appellee eventually filed a claim for workers' compensation for her injured back relating to the June 3, 1993 incident, and the claim was allowed for low back strain. On November 25, 1997, appellee filed a C-86 motion to amend her claim to include additional allowances for degenerative disc disease at two locations in her lower back: L4-L5 and L5-S1.
Appellee's motion was granted by a district hearing officer on February 19, 1998. Appellant appealed that ruling, and on April 1, 1998, a staff hearing officer of the Industrial Commission granted appellant's appeal. Appellee then appealed that ruling to the Industrial Commission.
On April 13, 1998, the Industrial Commission denied the appeal. Appellee then filed the complaint in the Lucas County Court of Common Pleas that led to that court's ruling which appellant now appeals that granted appellee the right to participate in workers' compensation for degenerative disc disease at L5-S1.
In support of its first assignment of error, appellant argues that the trial court had an obligation to instruct the jury only about acceleration of a pre-existing condition. Appellant acknowledges that under Ohio law, the definition of an injury that qualifies an employee to participate in workers' compensation includes an aggravation of a pre-existing condition or an acceleration of a pre-existing condition. However, appellant says that different burdens of proof are required, depending upon whether the claim is for an aggravation of a pre-existing condition or for an acceleration of a pre-existing condition.
Appellant says that the trial court should have instructed the jury that appellee had a burden to prove that the injury appellee suffered on June 3, 1993 accelerated her pre-existing condition of degenerative disc disease by a substantial period of time. Appellant says that appellee is not able to meet that burden of proof and is not entitled to workers' compensation, because it presented evidence to show that the symptoms appellant complains of, which she argues entitle her to workers' compensation, are due to the natural acceleration or development of degenerative disc disease due to the passage of time. Appellee argues that the incident on June 3, 1993 did not substantially accelerate the natural progression of appellant's pre-existing condition of degenerative disc disease and did not aggravate her pre-existing condition.
Appellee responds that the trial court did not err when it instructed the jury on the standard of proof for an aggravation claim and refused to give instead an instruction on the burden of proof for an acceleration claim. Appellee says that based upon the facts in this case, and the pertinent case law, the only standard of proof that applied was the standard for an aggravation claim. She says that her claim "is that her degenerative disc disease has measurably worsened due to the trauma of the lifting injury which occurred on June 3, 1993."
She says there was no testimony presented at trial by anyone to show that her pre-injury condition was disabling or that the injury on June 3, 1993 merely hastened what was inevitable. She also argues that it is not important whether she had symptoms of degenerative disc disease before the June 3, 1993 injury, it is only important that she did have degenerative disc disease prior to June 3, 1993. She says that all of the doctors who testified at trial agreed that she did have degenerative disc disease before June 3, 1993.
This court has previously noted that the Supreme Court of Ohio has distinguished aggravation claims from acceleration claims, saying:
 "The Schell court, citing Swanton, stated that in a case involving acceleration of a disabling condition, `proof that the disability or death was `accelerated by a substantial period of time' as a result of the injury' is required. Id. The court then distinguished a claim related to the aggravation of a pre-existing condition by finding that such a claim does not
contend that a `work-related injury simply accelerated the arrival of a disabling condition that was bound to occur sooner or later.' Id. In short, it appears that the Schell court suggests that a claim for an aggravation of a pre-existing condition implies that the condition has worsened, in some manner, due to the work-related injury, while a claim founded upon acceleration asserts that the injury precipitated the arrival of a disabling condition that was bound to occur sooner or later but had never manifested itself prior to the injury." Hess v. United Ins. Co. of America (1991), 74 Ohio App.3d 667, 673.
We therefore agree with both parties that the burdens of proof are different for acceleration claims versus aggravation claims.
The question posed by the first assignment of error in this case is what governs a trial court's decision on which instruction to give to a jury when the claimant argues the case is an aggravation claim, and the employer argues the case is an acceleration claim. To answer the question, we turn to well-settled law in Ohio governing jury instructions.
The Supreme Court of Ohio has said that a trial court must not instruct a jury where there is no evidence to support an issue. Murphy v.Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. In this case, appellee gave evidence to support her claim that she had suffered an aggravation of her pre-existing degenerative disc disease when she injured her back at work on June 3, 1993. Her family doctor and the surgeon treating her both testified that the incident on June 3, 1993 aggravated her pre-existing condition. Accordingly, the trial court could correctly conclude in this case that there was evidence to support an instruction on the burden of proof for an aggravation claim.
Conversely, appellant presented an expert witness who testified that the incident on June 3, 1993 was neither an aggravation of appellant's degenerative disc disease nor an acceleration. Instead, he opined, the symptoms appellee now suffers are a part of the natural progression of degenerative disc disease. He testified that appellee's condition was not aggravated and was not accelerated by the June 3, 1993 incident. Appellant did not present any testimony to support the belief that an acceleration claim existed in this case, and was therefore not entitled to an instruction on that issue.
As this court noted in Hess v. United Ins. Co. of America,74 Ohio App.3d at 677:
 "Schell clearly distinguishes `aggravation' from `acceleration.' As a result, injecting the latter term into a case premised upon a claim for aggravation of a pre-existing condition may mislead the jury and, hence, be considered error in the jury instructions."
We find that under the circumstances of this case, the trial court had no obligation to instruct the jury on the burden of proof regarding a claim for acceleration of a pre-existing condition. Since there was no evidence from either party to show that an acceleration of appellee's pre-existing condition of degenerative disc disease occurred in this case, the trial court correctly concluded that issue was not before the jury. If the trial court had included an instruction on a claim for acceleration in this case, in addition to the instruction on a claim for aggravation, the trial court would only have confused and perhaps misled the jury. Appellant's first assignment of error is not well-taken and is denied.
In support of its second assignment of error, appellant argues that the trial court committed error when it responded to a question from the jury during the jury deliberations phase of the trial regarding the meaning of "aggravation" of a pre-existing condition for a workers' compensation claim. Specifically, appellant argues that the trial court gave undue emphasis to only one portion of the jury instructions when it provided the jury with a written copy of the instruction it had previously read to the jury to explain the burden of proof for an aggravation claim. Appellee says it would have been acceptable for the trial court to provide a written copy of the entire jury instructions given in the case, but that providing just one portion of the instructions to the jury in writing was prejudicial, because then the jury could not consider the instructions as a whole.
Appellee responds that appellant has not shown any prejudice caused by the trial court's decision to respond to the jury's question by providing them with the written instruction on a claim for aggravation of a pre-existing condition. Appellee notes that appellant agreed that the trial court could reread the instruction to the jury on a claim for aggravation, and only objected when the judge agreed to the jury's request that they be given the instruction in writing, rather than just hearing it read again. Appellee says that the trial court only responded to the jury's question, and was not under an obligation to provide the jury all of the jury instructions in writing.
We agree with appellee. While it is important for an appellate court to review the jury instructions as a whole on appeal when a portion of the instructions is challenged as misleading, see Wagenheim v. AlexanderGrant Co. (1983), 19 Ohio App.3d 7, 16, we do not believe that this principle requires a trial court to respond to a question asked by a jury on a particular portion of instructions by providing a complete copy of all of the jury instructions given in the case. See State v. Bragg (June 7, 1991), Portage App. No. 90-P-2224, unreported.
The trial court included the written instruction given to the jury in this case in the record for appeal. The written instruction shows that the jury was provided the entire text regarding appellee's burden of proof, which included the definition of an "aggravation" of a pre-existing condition. The written instruction concluded with the statement that: "An injury or disability caused primarily by the natural deterioration of tissue or an organ or part of the body is not covered by the Worker's Compensation Law." The written instruction provided to the jury did not create prejudice because it provided a balanced view, giving the jury the theories advanced by both appellant and appellee in this case, and did not place undue emphasis upon appellant's theory. Appellant's second assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 ________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and Mark L. Pietrykowski, P.J. CONCUR.